# DISTRICT OF COLUMBIA *v.* DIETRICH.[*]

EVIDENCE; DECLARATIONS; RES GESTÆ; APPEAL AND ERROR; PREJUDICIAL ERROR; BILL OF EXCEPTIONS; ASSIGNMENTS OF ERROR; TRIAL; EXCEPTIONS; STREETS AND SIDEWALKS; NEGLIGENCE; WITNESSES.

1. In an action by a woman against a municipality for injuries occasioned by reason of a defect in a sidewalk, declarations made by her to her husband, who was a short distance ahead of her when she was hurt, and who ran back to her on hearing her scream, tending to show the severity of her injuries, are admissible as part of the *res gestæ* (following *Washington & G. R. Co.* v. *McLane,* 11 App. D. C. 220), but even if incompetent their admission in evidence is not prejudicial, and therefore reversible, error, where there is other and overwhelming uncontradicted evidence of the serious nature of the injuries received.

2. An assignment of error in an action to recover damages for personal injuries, that the trial court erred in submitting to the jury in the charge the question of the permanent injuries of the plaintiff, will not be considered where the defendant did not object to that part of the charge, and asked no counter instruction. To do so would be to violate the prevailing rule of appellate practice and also § 3 of rule V. of this court.

3. Where there is no exception by the defendant to the trial court's charge to the jury on the subject of the permanent injuries alleged to have been received by the plaintiff in an action to recover damages for personal injuries, there is no occasion for the insertion in the bill of exceptions of any of the evidence tending to show such injuries (§ 4, rule V. of this court) ; and where such evidence is inserted it will not be presumed by this court that there was no other evidence on the subject than that actually recited.

4. Except under exceptional conditions, if a party wishes a review of any action of the trial court, he must bring the point to the attention of that court, and save it for review in his bill of exceptions. The rules of practice expressly require this, and neglect to conform to them cannot be repaired.

5. The modification by the trial court of an instruction asked by the defendant in an action against a municipality to recover damages for

[*] *Evidence—Res gestæ.*—As to how near the main transaction declarations must be made in order to constitute part of the *res gestæ*, see the review of the authorities in editorial note to *Ohio & M. R. Co.* v. *Stein,* 19 L. R. A. 733.

injuries received by reason of a defect in a sidewalk, which related to the question of the defendant's negligence, by striking out a direction that the jury should consider that the sidewalk at the time of the accident was lighted by street lights and the lights of a neighboring saloon, is not error, as the character of the lights could not affect the question of the defendant's negligence, but only the question of the plaintiff's contributory negligence; and, in addition, under such circumstances, it is not necessary to direct the particular attention of the jury to such lights. (Following *Davis* v. *Coblens*, 12 App. D. C. 51.)

6. It is not error for the trial court, in an action against a municipality to recover damages for personal injuries received by reason of a defect in a sidewalk, to overrule a motion by the defendant to strike out the testimony of one of the plaintiff's witnesses to the effect that he had seen other persons stumble and fall in the same place where the plaintiff was hurt, upon the ground that it was not shown that the stumbling had occurred previous to the · accident, where the defendant failed to make such objection while the witness was on the stand, or to cross-examine him on the subject, but made the motion after the witness had been discharged from attendance on the trial.

No. 1410.   Submitted April 14, 1904.   Decided May 4, 1904.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on the verdict of a jury in an action to recover damages for personal injuries.
*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. A. B. Duvall* and *Mr. E. H. Thomas* for the appellant.

*Mr. A. E. L. Leckie, Mr. Creed M. Fulton,* and *Mr. Joseph W. Cox* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal by the District of Columbia from a judgment for the sum of $5,500, recovered by the appellee in an action for injuries sustained through a defect in a sidewalk.

1. The first and second assignments of error relate to exceptions taken to certain declarations proceeding from the plaintiff and her husband immediately after the receipt of the injury. The latter testifying as the first witness in the case said that about 9 or 9 : 30 P. M., on August 2, 1902, he and his wife, Mr. Lowd and wife, and Mr. Hann were walking along K street N. W. Witness and Lowd were about 30 feet ahead of the others when they turned into Fourth street. Witness heard his wife scream and say: "I think I have broken my foot." She was down at the corner at the edge of the sidewalk in a kind of excavation about 3 or 4 feet east from the fence. Witness ran back. Defendant objected to any conversation between him and his wife, and plaintiff's counsel asked him to tell what he did. He said: "I put my hand on her foot when she explained that she had broken her foot." The ankle was almost twice its usual size, and witness said, "You are seriously hurt." He was again reminded by counsel to say what he did, and repeated that he felt her foot and "she said she was badly hurt." The defendant again objected to any conversation "on the ground that the accident had happened at the time." The court overruled the objection and exception was noted. The witness then said: "I asked her if she could walk and she said, 'Oh, I don't know.' " Lowd and Hann assisted in lifting her up to see if she could walk. She seemed to be in great pain and commenced to cry. "She had gone all to pieces and had no control over herself." Lowd took her arm, and I said, "I will go home and get a cab. You cannot go home in this condition." We are of the opinion that this evidence of declarations made immediately after the receipt of painful injuries is clearly admissible as part of the *res gestæ.* *Washington & G. R. Co.* v. *McLane,* 11 App. D. C. 220, 222. Moreover, in view of the uncontradicted and overwhelming evidence of the serious injuries sustained by the plaintiff, no possible injury could have resulted from the admission of this testimony, even if incompetent.

2. The third assignment of error is that the court erred in

submitting the question of plaintiff's permanent injury to the jury as an element of damage. The record shows that no objection was made to that part of the charge, and that no counter instruction was asked, but notwithstanding we are asked to examine the evidence relating to the nature of the injuries received, and to reverse the judgment because they are insufficient to warrant the charge.

The assignment of error will not be entertained. To do so, under the circumstances, would not only be in opposition to the prevailing rule of practice in appellate courts generally, but also an express violation of the rule of this court made to meet such conditions. Rule V. § 3.

There having been no exception to the charge, there was no occasion to insert in the bill of exceptions any of the evidence tending to show permanent injury (rule V. § 4), and therefore it would not be presumed that there was no other evidence than that actually recited. From this, however, we are not to be understood as intimating that the evidence as recited does not furnish ample foundation for the charge to the jury.

Unless probably under some exceptional conditions not to be found here, if a party wishes a review of any action of the trial court he must bring the point to the attention of the presiding justice and save it for review in his bill of exceptions. The rules of practice expressly require this, and neglect to conform to them cannot be repaired. To raise points not thus saved merely adds to the burden of counsel and court without avail.

3. The fourth assignment of error is on an exception taken to the modification by the court of the first prayer requested by the defendant.

The court gave so much of the prayer as reads as follows:

"1. The court instructs the jury that their verdict must be based solely upon the evidence in the case, and that their sympathy for the plaintiff should have no influence on their verdict; that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that her injury proximately re-

sulted only from the negligence of the defendant, for the mere happening of the accident does not constitute negligence or any presumption of negligence, nor is the defendant required to keep its streets absolutely safe, and it is not an insurer against accidents, nor was it required as matter of law to place barricades or lights about the place where the plaintiff was injured."

The modification consisted in striking out this final paragraph:

"On the question of negligence of the defendant the jury should consider that at the time of the accident the place where it occurred was illuminated by the light in front of McDevitt's saloon or any other lights, and that adjacent to the parking the sidewalks on 4th street and on K street afforded a reasonably safe way, and if they should so find from the evidence, and find from the evidence under all the circumstances that the defendant was not negligent, then their verdict should be for the defendant."

There was no error in the modification of the prayer. The character and extent of the lights maintained by a nearby saloon in connection with the ordinary street lights near the place of injury had nothing to do with the question of defendant's negligence in leaving a hole alongside the sidewalk into which the plaintiff fell. The only figure they could cut was in relation to plaintiff's want of care in walking, or falling into the hole.

Moreover, there was nothing in the special bearing that the number and effect of neighboring lights could have on the issue generally, that made it necessary to direct the particular attention of the jury to them alone. *Davis* v. *Coblens,* 12 App. D. C. 51, 54.

4. The fifth assignment of error will not be noticed because it has no support in the bill of exceptions, and we proceed to the consideration of the sixth and last, which is on the refusal of the court to strike out part of the evidence of one Green, who testified on behalf of the plaintiff. The bill of exceptions shows that this witness testified to having seen several persons stumble and fall at the same place where plaintiff was hurt. It appear-

ing on his cross-examination that he had not seen a certain one of these persons fall, but heard of it later, the court sustained a motion to strike out the testimony relating to that person. Witness (apparently upon cross-examination also) gave several other instances of falls that had occurred at the same place within his actual knowledge. It does not appear from the recital at what time these accidents occurred, and apparently no question was asked for that purpose. After the witness had been discharged and another witness had testified to the same effect, the defendant moved to strike out the testimony of Green because it was not sufficiently shown that the said stumblings had occurred previous to the accident of the plaintiff and at the place of said accident. There was no error in denying this motion. The defendant had an opportunity to learn the exact time and place of the accidents, or if he had then objected because of the want of certainty, the plaintiff might, by further interrogation, have brought out the fact. It is, however, fair to presume from the recitals that the witness saw each occurrence, and that all happened before or about the time that plaintiff sustained her injury, and certainly when no change had taken place in the condition of the sidewalk.

The judgment will be affirmed with costs. It is so ordered.

*Affirmed.*